**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JIM SOUDER, on behalf of himself
and others similarly situated,

        Plaintiff,

vs.                                            Case No. 3:08-cv-973-J-32JRK

PREMIER AUTOMOTIVE ON ATLANTIC,
LLC., a Florida corporation, and ERIC
KAZRAN, Individually,

        Defendants.

## **ORDER**[1]

This case, brought pursuant to the Fair Labor Standards Act. 29 U.S.C. § 201 *et seq.* ("FLSA"), is before the Court on defendant Premier Automotive On Atlantic, LLC's Notice Of Bankruptcy (Doc. 8), and Defendant, Eric Kazran A/K/A Eric Khazravan's Motion To Dismiss And Strike (Doc.17), and plaintiff's response thereto. (Doc. 19.)

**I.    Premier's Suggestion Of Bankruptcy**

In its Notice Of Bankruptcy (Doc. 8), Defendant Premier Automotive on Atlantic, LLC ("Premier") states that on October 28, 2008, it filed a voluntary petition for relief

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

under Chapter 11 of the United States Bankruptcy Code. 11 U.S.C. § 362(a)(1) provides:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1). Because plaintiff has filed the Complaint (Doc. 1) and thus seeks to "continue" this judicial proceeding against defendant Premier, and defendant Premier has filed for Chapter 11 protection, this case is due to be automatically **STAYED** as to defendant Premier only.

Following the filing of defendant Premier's Notice of Bankruptcy, plaintiff and defendant Eric Kazran[2] have continued this litigation, with Kazran moving to set aside a Clerk's default, which was granted (Docs. 9, 12); Kazran moving for an extension of time to respond to plaintiff's complaint, which was granted (Docs. 13, 14); Kazran appearing with new counsel (Docs. 16, 18); and Kazran moving to dismiss the

---

[2] Although plaintiff's complaint refers to this defendant as "Eric Kazran," defendant accepted service as "Eric Kazran" (Doc. 11), and defendant appears as "Eric Kazran" on the Court's docket, plaintiff identifies himself as "Eric Khazravan" (Doc. 9-2) and as "Eric Kazran a/k/a Eric Khazravan." (Doc. 17.) The Court will refer to defendant in this Order and thereafter as "Kazran" until and unless the parties clarify the proper name of defendant.

2

complaint against him, to which plaintiff responded. (Docs. 17, 20.) Neither party has sought to extend Premier's automatic bankruptcy stay to Kazran.

The FLSA permits a plaintiff to sue an individual "employer" as defined by the Act[3] as well as the corporate employer jointly and severally. As such, Premier is not a necessary party to Souder's action against Kazran. Mark v. Labar, No. 08-80646-CIV, 2008 WL 4753745, at *2 (S.D. Fla. Oct. 27, 2008)(citing DeWitt v. Daley, 336 B.R. 552, 556-57 (S.D. Fla. 2006)). Defendant Kazan is not a bankruptcy debtor, and by his conduct in continuing to actively litigate this action, has indicated that there are no "unusual circumstances" justifying the extension of the bankruptcy stay to him. See Schaeffer v. Bob Wilson Dodge, Inc., No. 8:08-cv-1130-T-23MAP, 2008 WL 4327355, at * 1 (M.D. Fla. Sept. 17, 2008)(individual defendant supervisor failed to show any unusual circumstances to justify extending the bankruptcy stay as to the corporate employer); Mark, 2008 WL 4753745, at *2 (same). Accordingly, Souder's case claims against Kazran will proceed.

## II. **Defendant Kazan's Motion To Dismiss And Strike**

### A. **"Class Action" Allegations**

---

[3] "[A] corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages" as long as that corporate officer is "'involved in the day-to-day operation or ha[s] some direct responsibility for the supervision of the employee.'" Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008)(citation omitted).

Kazan contends that plaintiff Souder's complaint, brought "on behalf of himself and others similarly situated," should be dismiss for not containing a separate heading styled "Class Action Allegations" and "detailed allegations of fact" meeting the prerequisites for a class action, pursuant to Fed. R.Civ. P. 23 and Local Rule 4.04(a). (Doc. 17 at 1-2.)

The FLSA authorizes collective actions against employers accused of violating the statute. 29 U.S.C. § 216(b). Section 216(b) provides that "[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "Participants in a § 216(b) collective action must affirmatively opt into the suit. " Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258-59 (11th Cir. 2008). "That is, once a plaintiff files a complaint against an employer, any other similarly situated employees who want to join must affirmatively consent to be a party and file written consent with the court." Id. at 1259. The differences between a Section 216(b) FLSA class action and a Rule 23 class action have been described as follows:

> "There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under § 16(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively

4

>"opted into" the class; that is, given his written, filed consent."

Chapman v. Lehman Bros., Inc., 279 F. Supp.2d 1286, 1289 (S.D. Fla. 2003)(quoting LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975)); see also Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1248-49 (11th Cir. 2003). Because of this different procedure, the Eleventh Circuit has observed that "it is clear that the requirements of pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure." Grayson v. K Mart Corp., 79 F.3d 1086,1096 n.12 (11th Cir. 1996); see also Morgan, 551 F.3d at 1259 n. 36. Accordingly, Kazran's motion to dismiss on this basis is due to be **DENIED**.

### B.   Motion To Strike Paragraphs Of The Complaint As "Impertinent" Or "Scandalous"

Defendant Kazran argues that Paragraph 7 of the Complaint should be stricken as "impertinent or scandalous" because it alleges that Kazran "owned and operated Detail" and because "Defendant is not familiar with, nor does he have any ownership interest or control over any company by the name of 'Detail.'" (Doc. 17 at 2.) Souder responds by acknowledging "that a scrivener's error was made in the first sentence of Paragraph 7 and it should properly state, 'Eric Kazran owned and operated Premier.'" Souder notes that the remaining allegations in Paragraph 7 intending to establish that Kazran is Souder's "employer" pursuant to the FLSA specifically refer

four times to Kazran's role as owner and operator of "Premier." (Doc. 19 at 7.) Paragraph 7 of the Complaint (Doc. 1) is hereby **AMENDED** to replace the word "Detail" with the word "Premier." The motion to strike Paragraph 7 is **DENIED**.

Kazran also moves to strike Paragraph 22 of the complaint as "impertinent or scandalous" because "[p]laintiff requests relief pursuant to a Florida Statute [Fla. Stat. § 448.08] that has no relation to this case." (Doc. 17 at 3.) Paragraph 22 is part of Count II seeking recovery for alleged unpaid wages. Souder alleges that "Defendants agreed to pay Plaintiff wages for work performed by Plaintiff. Plaintiff accepted this agreement and did work for Defendants" (Compl. ¶ 8), and that he "worked one or more weeks for Defendant and did not receive any compensation, whatsoever." (Id. ¶ 20.) In this context, Souder alleges that "[p]ursuant to Section 448.08, Florida Statutes,[4] Plaintiff is entitled to the costs of this action and a reasonable attorneys' fee." (Doc. 1 (Compl. ¶ 22).)

The Court has observed in a FLSA case that the FLSA Section 216(b) and Florida Statutes Section 448.08 authorize awards for attorney's fees and costs to a prevailing plaintiff. Glanzrock v. Patriot Roofing Indus., Inc., No. 8:07-cv-535-T-33MAP, 2009 WL 179634, at *2 (M.D. Fla. Jan. 26, 2009); Duckett v. Solutions Funding, Inc., No. 3:07-cv-746-J-33MCR, 2008 WL 2704411, at *3 (M.D. Fla. July 9,

---

[4] Section 448.08 provides: "The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." Fla. Stat. § 448.08 (2008).

6

2008); see also Embler v. Walker Elec. Systems of Florida, Inc., No. 2:05-cv-256-FtM-34SPC, 2008 WL 2338102, at *2 (M.D. Fla. June 3, 2008)(the Court considered a section 448.08 motion for attorney's fees in a FLSA case where it was "undisputed that Plaintiffs filed suit under Florida Statutes section 448.08 seeking unpaid wages . . . .").

As in the case Short v. Bryn Alan Studios, Inc., No. 8:08-CV-145-T-30TGW, 2008 WL 2222319 (M.D. Fla. May 28, 2008), Souder cites Section 448.08 in his claim seeking recovery for unpaid wages. "Section 448.08 does not create or otherwise provide for a cause of action for back wages; it relates instead to payment of attorneys' fees to a prevailing party in an action for back wages." Short, 2008 WL 2222319, at * 3. The Court in Short determined that "the appropriate basis for Plaintiff's recovery of unpaid wages claim would be Florida common law," id. (citations omitted), and construed the claim raised in the complaint pursuant to Florida common law. Id. (citing Edwards v. Niles Sales & Service, Inc., 439 F. Supp.2d 1202, 1208 n.6 (S.D. Fla. 2006)); see also Laremont v. Absolute Health Care for Women of All Ages, P.A., 988 So.2d 735, 736 (Fla. 4th DCA 2008)(section 448.08 applicable where "'subject matter of the claim was compensation for back wages'"); Coffie v. Dist. Bd. of Trustees, Miami-Dade Community College, 739 So.2d 148 (Fla. 3d DCA 1999)(successful breach of contract claim that resulted in award of "back pay" was an action for "unpaid wages" to come within section 448.08 for attorney's fees); McRae

7

v. Douglas, 644 So.2d 1368, 1371 n.1 (Fla. 5th DCA 1994)(claim was a common law action for recovery of unpaid wages resulting from a breach of an employment contract). Accordingly, Fla. Stat. § 448.08 provides a basis for the "prevailing party's" recovery of attorney's fees on plaintiff's Count II Florida common law claim for unpaid wages. Defendant's motion to the strike reference to Fla. Statute § 448.08 is **DENIED**.

### C. Motion To Dismiss For Failure To State A Claim

Defendant Kazran seeks dismissal of Souder's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, based on the fact that "[p]laintiff does not allege facts or factual allegations related to the dates, times, or hours allegedly worked" for which plaintiff seeks recovery of wages. (Doc. 17 at 4.)

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007)). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint

are true (even if doubtful in fact)." Id. at 1965. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

Souder has alleged that during his employment by defendant, he was "not paid a minimum wage for each hour worked within a work week," and was not paid "complete wages." (Compl. ¶ 10; see also id. ¶¶ 15, 16, 17, 20.) While more specific pleading would have been better, Souder has alleged sufficient facts to raise a reasonable expectation that discovery will reveal evidence that he is owed compensation for work he performed while employed by defendants; he adequately sets forth a claim and gives defendant fair notice of the basis for his claims. See Short, 2008 WL 2222319, at *3.

It is hereby

**ORDERED**:

1. Pursuant to the provisions of 11 U.S.C. § 362, this case is automatically **STAYED** as to defendant Premier Automotive On Atlantic, LLC only.

2. Defendant, Eric Kazran A/K/A Eric Khazravan's Motion To Dismiss And Strike (Doc.17) is **DENIED**.

3. Defendant, Eric Kazran shall answer the Complaint by **April 3, 2009**.

4. The parties shall conduct a case management conference (either in person or by telephone), see Local Rule 3.05, no later than **April 3, 2009**, and file a

9

**Case Management Report** by **April 10, 2009**. (See Doc. 4.)

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of March, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:
Counsel of Record